```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ARTHUR BRANCH                               CIVIL ACTION

VERSUS                                      NO: 05-1223 c/w
                                            06-1630

ART CATERING, INC. ET AL                    SECTION: "J" (2)
```

**ORDER AND REASONS**

Before the court is defendant's motion for partial summary judgment (Doc. 59). For the reasons stated below, **IT IS ORDERED** that partial summary judgment be **GRANTED**.

**BACKGROUND FACTS**

ART Catering is an offshore catering company, and plaintiff Arthur Branch was an employee of ART who was assigned to work aboard the M/V MIDNIGHT WRANGLER, an offshore vessel owned and operated by Torch. ART and Torch had entered into a Master Service Agreement ("MSA") which required ART to "protect, defend, indemnify, and hold harmless Torch and its employees." (Doc. 60, p. 4).

The MIDNIGHT WRANGLER was operating in rough seas due to the presence of Hurricane Ivan, and Branch was thrown against objects in the galley where he was working. Branch received various bodily injuries and brought negligence and unseaworthiness claims under general maritime law as well as under the Jones Act against ART and Torch.

Subsequently Torch declared bankruptcy, and the plaintiff seeks to pursue the claims that he made against Torch against ART under the theory that plaintiff is a third party beneficiary of the MSA between Torch and ART. ART thereafter filed the instant motion for partial summary judgment on the issue of whether Arthur Branch was a third party beneficiary of the contract between ART and Torch.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence presented, shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001).

**DISCUSSION**

The parties did not brief whether Louisiana Law or Federal Maritime Law should govern the contract, but the analysis appears to be the same under both sets of law. *See Greenslate v. Tenneco Oil. Co.,* 623 F. Supp. 573, 576 (E.D. La. 1985)("Federal law recognizes the validity of the third party beneficiary theory of contracts. Under [the] theory, contracting parties may create rights in favor of a non-contracting third party by manifesting an intent to do so.") In Louisiana, contracts for the benefit of a third party are governed by Article 1978 of the *Louisiana Civil Code*. The article provides in pertinent part that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary." LA. CIV. CODE ANN. art. 1978 (1985) Both sets of law, require that the contracting parties manifest an intent to benefit the third party. *Compare Greenslate*, 623 F. Supp. at 576 *with Concept Design*, *Inc. v. J.J. Krebs & Sons,* 96-1295 (La. App. 4 Cir. 3/19/97); 692 So. 2d 1203, 1205-06 ("Under Louisiana law ... in order to establish a *stipulation pour autri* there must be a clear expression of intent to benefit the third party.")

The Defendant relies on *Wallace v. Texaco, Inc.*, 681 F.2d

1088 (5th Cir. 1982) for why a stipulation pour autri does not apply in this circumstance. *Wallace* involved a plaintiff who was injured on a fixed platform on the outer continental shelf, and therefore his cause of action was governed by OCSLA. *Id.* at 1089. The law of the adjacent state governed the action under the Act. *Id.* In that case, the plaintiff was employed by Automation who contracted with Texaco to provide labor for the offshore platform. *Id.* at 1090. The Contract between Automation and Texaco provided that "[Texaco] shall supply the following: Necessary materials and services not ordinarily furnished by [Automation] for performing the type of work to be performed under this contract." *Id.*

The Fifth Circuit held that the contract was not a valid stipulation pour autri for two reasons. First, "[t]he intent of the contracting parties to convey benefits upon workers is far from clear.... The clause upon which Wallace relies to establish his status as a third party beneficiary is a vague, catch-all, boiler plate clause." *Id.* Second, the benefits that Wallace might have accrued were only incidental to the contract and therefore insufficient to establish a stipulation pour autri. "The purpose of the contract ... was to provide labor for [the] oil rig. Transportation of Automation employees to and from the

4

rig was merely incidental to that purpose." *Id.*

However, the contract language in the MSA is materially different from the language in *Wallace*. The MSA provides in part:

> "Contractor shall protect, defend, indemnify, and hold harmless Torch, its employees ..., against all claims, demands, or causes of action by Contractor, Contractor's employees ... for personal injury ... arising out of or in any way related to the performances by Contractor ... of any work covered hereby or by the fault of the Contractor or ... however such personal injury ... is caused including the sole or concurrent fault or negligence of Torch, its employees, officers or agents and/or unseaworthiness of vessels which are owned, operated or chartered by Torch regardless of whether said unseawhorthiness preexisted at the time of this agreement."

(Doc. 60, p. 4)

Plaintiff contends that this language specifically contemplates that there are benefits that are granted

towards third parties.  Specifically, that the third party worker who is injured through the negligence of Torch would have an action against ART.

Plaintiff relies on *Andrepont v. Acadia Drilling Co.*, 231 So.2d 347, 354-57 (La. 1969).  In *Andrepont*, the Louisiana Supreme Court considered a mineral lessee who damaged the crops of a surface lessee.  The mineral lease provided that "'The [mineral] lessee shall be responsible for all damages caused by Lessee's operations.'"  The court determined that there was a pre-existing obligation between the lessor and the surface lessee to cause the lessee "to be in peaceable possession of the thing during the continuance of the lease."  *Id.* at 351. (citing La. Civ. Code. Ann. art. 2692 (1870) (now La. Civ. Code Ann. art. 2682 (2005)). Therefore the court determined that the legal relationship existed, and that the surface lessee could recover from the mineral lessee.  *Id.* (citing J. Denson Smith, *Third Party Beneficiaries in Louisiana: The Stipulation Pour Autri*, 11 Tul. L. Rev. 18, 58 (1936)).

However, *Andrepont* is inapposite to the case at bar. In order for there to be a stipulation pour autri, there

must be a legal relationship between the promisee (Torch in this case) and the third party beneficiary (Branch).  *See Andrepont*, 231 So.2d at 351; *see also Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 932 (5th Cir. 1995).  No such relationship exists nor is it alleged.  Plaintiff is merely an employee of ART and not an employee of Torch, notwithstanding the fact that ART promised to indemnify negligent acts of Torch.

Contrary to plaintiff's assertions, a promise to indemnify does not create a stipulation pour autrui.  In *Liquid Drill*, the Fifth Circuit held that the language accepting responsibility for all torts does not in and of itself create a a stipulation pour autri.  *Liquid Drill*, 48 F.3d at 932.  Rather the stipulation must come from the factors enumerated in *Andrepont*.

**CONCLUSION**

**IT IS ORDERED** the motion for partial summary judgment referenced above (Doc. 59) is therefore **GRANTED.**

New Orleans, Louisiana this the 15th day of June, 2007.

```
_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE
```